## Silas G. Hubbard *vs.* Jonathan Lyman.
## Same *vs.* Lorenzo Brown.

An attachment upon a writ against an insolvent debtor, of property which belonged to him before his insolvency, will render the attaching creditor and others who take the property under the attachment liable, as for a conversion, to one who was in possession of it at the time of the attachment under a claim of title.

The statute provisions regulating the sale of mortgaged property by the mortgagor have no application to the case of a contract between the mortgagee and mortgagor, or between the assignee of one and the assignee of the other.

Two actions of tort, for the conversion of a quantity of tobacco.

The cases were tried together in the superior court, before *Rockwell,* J., and it appeared that the tobacco originally belonged to William Brown, who mortgaged it to Charles Hayward on the 30th of June 1862. Brown subsequently went into insolvency, and Henry Johnson was chosen assignee of his estate. There was a controversy between Hayward and Johnson as to the validity of the mortgage, and on the 10th of March 1863 Hayward, being in possession of the tobacco under his mortgage, sold it to the plaintiff for an agreed price, and delivered it to him at the depot of the Vermont and Massachusetts Railroad Company at Northfield. Only one dollar was then paid to Hayward, and there was some conflict of evidence as to the time when the payment was to be made. On the 12th of March, Johnson commenced an action against the plaintiff and Hayward for an alleged conversion of the tobacco, and attached the same upon the writ; and, on the 20th of March, executed to the plaintiff a bill of sale thereof, receiving from him the full value of the same, with the exception of the one dollar which the plaintiff had paid to Hayward to bind the bargain with him. Johnson also gave to the plaintiff an agreement to indemnify him against all claims which might be made by Hayward in relation to the tobacco, and discontinued his action. On the 26th of March, Johnson, in the plaintiff's absence and without his knowledge, fearing that Hayward might still claim

the tobacco, and partly for the purpose of preventing him from regaining possession of it, took it from the possession of the plaintiff's agent at Northfield, and carried it to South Vernon in Vermont. Two days afterwards, Lyman, the defendant in the first action, went to South Vernon with an officer, who attached the tobacco on four writs against Brown, one of which was in Lyman's favor, and they removed it, and it was afterwards sold on two executions, which were obtained in said actions, and purchased by Lorenzo Brown, the defendant in the second action, who afterwards sold it to another person. It also appeared that, after the making of the above attachments, Lorenzo Brown, having a writ against William Brown, directed the officer to return thereon an attachment of said tobacco, which was accordingly done. The plaintiff gave Johnson authority to institute in his name any suits which it might become necessary to commence, on account of the tobacco; and it appeared that these actions were brought by Johnson's directions, and were carried on with the understanding that the expenses should be borne by him.

Upon these facts, the judge ruled that the plaintiff could not sustain his actions, and verdicts were accordingly returned fo the defendants; and the plaintiff alleged exceptions.

*G. T. Davis & C. Allen,* for the plaintiff.

*D. Aiken & C. C. Conant,* for the defendants.

Hoar, J. The plaintiff was in possession of the property when it was taken from him by the authority of the defendant; and he held it under a claim of title. He can maintain his action, therefore, unless the defendant can show a better title. The only title set up by the defendant is as a creditor of William Brown, under an attachment of the tobacco as Brown's property. But it is very clear that the property was not Brown's at the time of the attachment, because all his right in it had passed by the assignment in insolvency to his assignee. If the plaintiff's possession was not lawful, the assignee in insolvency was the only party entitled to call him to account. These considerations are decisive of the case; but if the plaintiff were required to prove a complete title in himself, it is not easy to

see any defect in that which he has shown. He has the title of the mortgagee and of the assignee of the mortgagor. The statute provisions regulating the sale of mortgaged property by the mortgagor have obviously no application to the case of a contract between the mortgagee and mortgagor, or between the assignee of one and the assignee of the other.

*Exceptions sustained.*